**RAMZY P. LADAH, ESQ.**
Nevada Bar No. 11405
**DONALD P. PARADISO, ESQ.**
Nevada Bar No. 12845
**LADAH LAW FIRM**
517 S. Third Street
Las Vegas, NV 89101
litigation@ladahlaw.com
T: 702.252.0055
F: 702.248.0055
*Attorney for Plaintiffs*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BETH A. SOTOLONGO,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA; DOES I through XX, inclusive and ROE BUSINESS ENTITIES I through XX, inclusive,<br><br>Defendants. | CASE NO.: 2:21-cv-01825-BNW<br><br>**STIPULATION AND ORDER FOR EXCEPTION FROM ATTENDANCE REQUIREMENTS FOR SETTLEMENT CONFERENCE** |

COMES NOW the Plaintiff, BETH A. SOTOLONGO by and through her attorneys, RAMZY P. LADAH, ESQ., and DONALD P. PARADISO, ESQ., of the LADAH LAW FIRM and Defendants UNITED STATES OF AMERICA by and through their attorney, Assistant United States Attorney, PATRICK A. ROSE, ESQ., and stipulate and respectfully request from the Court an order excepting Defendant United States from the requirements, as applicable, that the settlement conference be attended by a "representative with settlement authority up to the full amount of the claim." Order at 2:1–2, ECF No. 23. In lieu thereof, Defendant United States would appear at the settlement conference via the Zoom-based attendance and participation by undersigned defense counsel, AUSA Patrick Rose, with a representative of the Department of Veterans Affairs available by telephone. The parties have consulted and are in agreement with the exception requested herein.

## I. INTRODUCTION

This case arises from an October 7, 2019, motor vehicle collision between Plaintiff, and Adrian D. Burnett, an employee of the Department of Veteran Affairs.

After exhausting administrative remedies, Plaintiff commenced this lawsuit pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b)(1), 1402(b), 2401(b), 2402, 2671-2680 ("FTCA"). Following discovery, this case has been set for a March 22, 2023, settlement conference via Zoom video conference. Order at 1:10–11, ECF No. 23.

## II. POINTS AND AUTHORITIES

The federal government is unlike other litigants in terms of geographic breadth, nature of issues, and number of cases. See United States v. Mendoza, 464 U.S. 154, 159 (1984). The authority to settle most civil cases against the government rests with varying management personnel within the local United States Attorney's Office or at the Department of Justice ("DOJ") headquarters, depending on the dollar amount and the concurrence of the client agency. See 28 C.F.R. § 0.168(a); 28 C.F.R. Part 0, Subpart Y, Appendix. There is not an insurance carrier for this matter.

As the advisory committee recognized, "[p]articularly in litigation in which governmental agencies . . . are involved, there may be no one with on-the-spot settlement authority, and the most that should be expected is access to a person who would have a major role in submitting a recommendation to the body or board with ultimate decision-making responsibility." Fed. R. Civ. P. 16 advisory committee's note (1993 amendment, subdivision (c)). Additionally, a district court can consider alternative methods of participation, such as via telephone. See United States v. U.S. Dist. Court, 694 F.3d 1051, 1061 (9th Cir. 2012).

The United States Attorney's Office understands the importance of ENEs, settlement conferences, and other alternate dispute resolution techniques in resolving civil cases. This office has participated in many of them, in good faith, and consistent with the authority set forth in the applicable regulations.

Recommendations (through the respective DOJ and client agency chains of command) regarding any particular settlement proposal in this case will originate with the undersigned AUSA

1  and an assigned VA paralegal. Based on the reasons and circumstances above, the parties
2  respectfully request an exception from the Order's requirements of attendance by a representative
3  with settlement authority up to the full amount of the claim. In lieu of such requirements, the
4  undersigned AUSA would attend and participate, while a representative of the Department of
5  Veterans Affairs would be available via telephone.

### III.  CONCLUSION

Based on the reasons and circumstances above, the parties respectfully requests that the Court approve this stipulation so as to allow AUSA Rose to attend and participate in the settlement conference, with a representative of the Department of Veterans Affairs available by telephone, in lieu of the attendance requirements otherwise set forth in the Order, ECF No. 23.

DATED this 25th day of January, 2023.              DATED this 25th day of January, 2023.

**LADAH LAW FIRM**                                 **JASON M. FRIERSON**
                                                    **UNITED STATES ATTORNEY**

/s/ Ramzy P. Ladah                                 /s/ Patrick A. Rose

_____                        _____
**RAMZY P. LADAH, ESQ.**
Nevada Bar No. 11405                               **PATRICK A. ROSE, ESQ.**
**DONALD P. PARADISO, ESQ.**                       Assistant United States Attorney
Nevada Bar No. 12845                               Nevada Bar No. 5109
517 S. Third Street                                501 Las Vegas Boulevard, South, Suite 1100
Las Vegas, NV 89101                                Las Vegas, Nevada 89101
*Attorneys for Plaintiff*                          *Attorneys for Defendant*


**IT IS SO ORDERED:**

_____
**UNITED STATES MAGISTRATE JUDGE**
**DATED:** January 26, 2023



Page 3 of 3